NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEALTHY, INC.; DALE BUCZKOWSKI, | No. 23-16132 |
| Plaintiffs-Appellants, | D.C. Nos. 2:21-cv-01173-JCM-EJY 2:22-cv-00740-JCM-EJY |
| v. | |
| JOHN MULVEHILL; JOHN ANTHONY LIFESTYLE, LLC, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| SPENCER CORNELIA; CORNELIA MEDIA, LLC; CORNELIA EDUCATION, LLC; OPTIMIZED LIFESTYLE, LLC, | |
| Defendants. | |
| WEALTHY INC.; DALE BUCZKOWSKI, | No. 23-3227 |
| Plaintiffs - Appellants, | D.C. Nos. 2:21-cv-01173-JCM-EJY 2:22-cv-00740-JCM-EJY |
| v. | |
| SPENCER CORNELIA; CORNELIA MEDIA, LLC; CORNELIA EDUCATION LLC, | |
| Defendants - Appellees, | |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

OPTIMIZED LIFESTYLE LLC, JOHN MULVEHILL, JOHN ANTHONY LIFESTYLE, LLC,

Defendants.

WEALTHY INC.; DALE BUCZKOWSKI,

Plaintiffs - Appellees,

v.

SPENCER CORNELIA; CORNELIA MEDIA, LLC; CORNELIA EDUCATION LLC,

Defendants - Appellants,

and

JOHN MULVEHILL, JOHN ANTHONY LIFESTYLE, LLC,

Defendants.

No. 23-3390

D.C. Nos.
2:21-cv-01173-JCM-EJY
2:22-cv-00740-JCM-EJY

WEALTHY INC.; DALE BUCZKOWSKI,

Plaintiffs - Appellants,

v.

SPENCER CORNELIA; CORNELIA MEDIA, LLC; CORNELIA EDUCATION LLC,

Defendants - Appellees.

No. 24-159

D.C. No.
2:21-cv-01173-JCM-EJY

2

23-3227

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 9, 2025
San Francisco, California

Before: PAEZ and OWENS, Circuit Judges, and SEEBORG, Chief District Judge.[**]

Dale Buczkowski and his company Wealthy, Inc. (together, "Plaintiffs") appeal from the district court's dismissal for lack of personal jurisdiction of their claims against John Mulvehill and John Anthony Lifestyle, LLC (together, "*Mulvehill* Defendants"); summary judgment rulings for Spencer Cornelia, Cornelia Media, LLC, and Cornelia Education, LLC (together, "*Cornelia* Defendants"); and award of costs for the *Cornelia* Defendants. The *Cornelia* Defendants appeal from the district court's denial of their Special Motion to Dismiss Pursuant to Nevada Revised Statute 41.660.

As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both a district court's dismissal for lack of personal jurisdiction and grant of summary judgment. *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 978 (9th Cir. 2021) (citing

---

[**] The Honorable Richard Seeborg, United States Chief District Judge for the Northern District of California, sitting by designation.

23-3227

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011));

*Desire, LLC v. Manna Textiles, Inc*., 986 F.3d 1253, 1259 (9th Cir. 2021), *cert.*

*denied*, 142 S. Ct. 343 (2021). We reverse the district court's dismissal of the

claims against the *Mulvehill* Defendants and affirm the district court's summary

judgment rulings for the *Cornelia* Defendants. In light of that result, we need not

reach the *Cornelia* Defendants' appeal.

1. Because the Mulvehill Defendants' motion to dismiss was based on

written materials—specifically, interrogatory responses and deposition testimony

regarding Buczkowski's state of residence—Plaintiffs "need only make a prima

facie showing of jurisdictional facts to withstand the motion to dismiss." *See*

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)

(citation omitted). " '[W]e may not assume the truth of allegations in a pleading

which are contradicted by affidavit,' but we resolve factual disputes in the

plaintiff's favor." *Id.* (citations omitted).

To determine whether a defendant has sufficient minimum contacts with the

forum state to warrant the court's exercise of specific personal jurisdiction, we

conduct a three-part inquiry: (1) the non-resident defendant "must purposefully

direct his activities" towards the forum state or "purposefully avail[] himself of the

privilege of conducting activities in the forum[;]" (2) the claim must arise out of or

relate to the defendant's forum-related contacts; and (3) "the exercise of

jurisdiction… must be reasonable." *Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.,* 905 F.3d 597, 603 (9th Cir. 2018).

**A. Purposeful Direction**. "For claims sounding in tort," like those brought by Plaintiffs, "we most often employ a purposeful direction analysis." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 751 (9th Cir. 2023) (en banc). Purposeful direction requires satisfaction of the three-factor test derived from *Calder v. Jones*, 465 U.S. 783, 789 (1984): the defendant must "have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citations omitted).

Here, Plaintiffs have satisfied the *Calder* effects test. The parties agree that the first factor is satisfied. As for the second factor, Plaintiffs plausibly allege that Mulvehill made defamatory comments implicating Buczkowski and his company Larson Consulting, registered and domiciled in Nevada, in arrests, money laundering, and other controversial events that allegedly occurred in Nevada. They also plausibly allege that Mulvehill did so with the express intent that the comments would be published on a Nevada-based influencer's YouTube channel and disseminated to worldwide audiences, including those in Nevada. As "differential targeting" of Nevadans is not required, this is a sufficient prima facie

23-3227

showing of jurisdictional facts to satisfy the second *Calder* factor.[1] *See Briskin*, 135 F.4th at 757.

Turning to the third *Calder* factor, the parties dispute whether Buczkowski is a Nevada resident. However, "defamation causes harm to 'the subject of the falsehood' in the state where the defamatory material circulates, whether the subject of the statement resides there or not." *Burri L. PA v. Skurla*, 35 F.4th 1207, 1215 (9th Cir. 2022) (citing *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 776–77 (1984)). Furthermore, while the district court considered the evidence and found that Buczkowski was not a resident of Nevada, it is undisputed that Buczkowski spent at least "several months" in Nevada in 2021 and that Larson Consulting is a Nevada-based business. Accordingly, Plaintiffs have made a prima facie showing that the *Mulvehill* Defendants knew or should have known that their alleged conduct would cause harm in Nevada.

**B. Arising Out of or Relating to.** Plaintiffs' claims arise out of the *Mulvehill* Defendants' purposeful direction of activities toward Nevada, i.e., their statements about Nevada-based events and a Nevada-based business on a Nevada-based influencer's YouTube channel.

---

[1] The *Mulvehill* Defendants' evidentiary showing does not contradict these allegations, and in this posture, "uncontroverted allegations in the complaint must be taken as true." *See Mavrix Photo*, 647 F.3d at 1223.

**C. Reasonableness.** When the first two minimum contacts prongs are met, the burden shifts to the defendant to " 'present a compelling case' that the exercise of jurisdiction is not reasonable." *Briskin*, 135 F.4th at 761 (citation omitted). Seven factors are considered when determining whether jurisdiction is reasonable. *Id.* While the *Mulvehill* Defendants argue that alternative fora may exist, they have not shown that any other factors render jurisdiction unreasonable. They therefore have not "carried [their] heavy burden of rebutting the strong presumption in favor of jurisdiction." *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Accordingly, we reverse the district court's dismissal of the claims against the *Mulvehill* Defendants for lack of personal jurisdiction and remand to the district court.

2. Clear and convincing evidence of actual malice—a statement made with knowledge of falsity or reckless disregard for the truth—is required to survive summary judgment on defamation and intentional infliction of emotional distress claims regarding limited-purpose public figures. *See New York Times Co. v. Sullivan,* 376 U.S. 254, 279-280 (1964) (defamation); *Hustler Mag., Inc. v. Falwell*, 485 U.S. 46, 56 (1988) (intentional infliction of emotional distress); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345 (1974) (limited-purpose public figures). A showing of malice is also required to establish business disparagement under Nevada law, by proving that the defendant published with knowledge of falsity,

reckless disregard for the truth, or intent to harm the plaintiff's pecuniary interests. *Clark Cnty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 504-05 (Nev. 2009).

Plaintiffs become limited-purpose public figures when they voluntarily inject themselves into a public controversy which predates their conduct for the purpose of influencing the controversy's resolution. *Planet Aid, Inc. v. Reveal*, 44 F.4th 918, 925 (9th Cir. 2022).

Here, Plaintiffs are limited-purpose public figures, having voluntarily injected themselves into the public controversy regarding the legitimacy and quality of Plaintiffs' coaching services, which evidence in the record suggests existed at least before December 2020. Plaintiffs have not made the requisite clear and convincing showing that the *Cornelia* Defendants had actual knowledge that their comments were false or acted with reckless disregard as to their falsity. Similarly, Plaintiffs have not made the requisite showing that the *Cornelia* Defendants acted with intent to harm Plaintiffs' pecuniary interests. Accordingly, we affirm the district court's dismissal of the defamation, intentional infliction of emotional distress, and business disparagement claims against the *Cornelia* Defendants.

3. The Lanham Act prohibits misrepresentations in "commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B). Because none of the videos at issue

advertise or promote the *Cornelia* Defendants' products or services, the videos are not commercial speech as a matter of law. We affirm the district court's dismissal of the Lanham Act claims.

4. Finally, there is no evidence that the district court abused its discretion in awarding costs. Accordingly, we affirm the district court's award of costs to the *Cornelia* Defendants.

5. Because we affirm the district court's summary judgment rulings, entry of judgment, and award of costs for the *Cornelia* Defendants, there is no need to address their Special Motion to Dismiss. Accordingly, we dismiss that appeal as moot.

**REVERSED IN PART, DISMISSED IN PART, AFFIRMED IN PART, AND REMANDED.**

In Appeal No. 23-3227, Appeal No. 24-159, and Appeal No. 23-3390, the *Cornelia* Defendants shall recover their costs.

In Appeal No. 23-16132, Plaintiffs shall recover their costs.